Peggy Hunt (Utah State Bar No. 6060)
Milo Steven Marsden (Utah State Bar No. 4879)
Nathan S. Seim (Utah State Bar No. 12654)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Email:  hunt.peggy@dorsey.com
           marsden.steve@dorsey.com
           seim.nathan@dorsey.com

*Attorneys for D. Ray Strong, Liquidating Trustee
of the Consolidated Legacy Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>CASTLE ARCH REAL ESTATE INVESTMENT COMPANY, LLC; CAOP MANAGERS, LLC; CASTLE ARCH KINGMAN, LLC; CASTLE ARCH SECURED DEVELOPMENT FUND, LLC, CASTLE ARCH SMYRNA, LLC; CASTLE ARCH STAR VALLEY, LLC; CASTLE ARCH OPPORTUNITY PARTNERS I, LLC; *and* CASTLE ARCH OPPORTUNITY PARTNERS II, LLC,<br><br>      Debtors. | Case Nos. 11-35082, 11-35237, 11-35243, 11-35242 and 11-35246 (Substantively Consolidated)<br><br>Case Nos. 11-35241 and 11-35240 (Jointly Administered)<br><br>(Chapter 11)<br>The Honorable Joel T. Marker<br><br>Adversary Proceeding No. _____ |
| D. RAY STRONG, as Trustee of the Consolidated Legacy Debtors Liquidating Trust,<br><br>      Plaintiff,<br><br>v.<br><br>BRENDA AUSTIN, an individual,<br><br>      Defendant. | **COMPLAINT** |

Plaintiff D. Ray Strong, in his capacity as Liquidating Trustee (the "Trustee" or

"Plaintiff") of the Consolidated Legacy Debtors Liquidating Trust (the "Legacy Trust"), hereby

files this Complaint for or on behalf of the Consolidated Legacy Debtors (defined below) and the Legacy Trust against Defendant Brenda Austin ("Defendant"), and states, alleges and avers as follows:

## JURISDICTION AND VENUE

1. On October 17, 2011, Debtor Castle Arch Real Estate Investment Company, LLC ("CAREIC") filed a Chapter 11 bankruptcy petition with the United States Bankruptcy Court for the District of Utah (the "Court"), thus commencing Bankruptcy Case No. 11-35082 noted in the above caption. On October 20, 2011, Debtors CAOP Managers, LLC ("CAOP Managers"), Castle Arch Kingman, LLC ("CAK"), Castle Arch Secured Development Fund, LLC ("CASDF"), Castle Arch Smyrna, LLC ("CAS"), Castle Arch Opportunity Partners I, LLC and Castle Arch Opportunity Partners II, LLC (collectively, the "CAREIC Affiliates" and together with CAREIC, the "Debtors") also filed petitions seeking relief under Chapter 11 of the Bankruptcy Code in the Court, thus commencing the other bankruptcy cases noted in the caption above, which cases are being jointly administered and/or have been substantively consolidated with CAREIC's bankruptcy case (CAREIC's bankruptcy case, along with bankruptcy cases of the CAREIC Affiliates, are referred to herein collectively as the "Bankruptcy Case").

2. The Court has subject matter jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. On June 7, 2013, the Bankruptcy Court entered, among other things, an *Order Confirming Chapter 11 Trustee's First Amended Plan of Liquidation Dated February 25, 2013 as Modified* [Main Case Docket No. 705] (the "Confirmation Order"), thus confirming the

2

Chapter 11 plan styled as *Second Amended Chapter 11 Trustee's Plan of Liquidation Dated February 25, 2013* [Main Case Docket No. 701] (the "Confirmed Plan"), pursuant to which the Bankruptcy Court retains jurisdiction over this proceeding, which arises under the Bankruptcy Code and arises in and is related to the Bankruptcy Case.  Confirmed Plan, Art. X; *Findings of Fact and Conclusions of Law in Support of Confirmation Order* [Main Case Docket No. 704] (the "Findings and Conclusions"), ¶ R.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PARTIES

6. Plaintiff is the post-confirmation estate representative for each of the Debtors and is the duly appointed Trustee for the Legacy Trust, and in that capacity may bring proceedings for and on behalf of the Legacy Trust, including all of the Debtors' Claims and Causes of Action that have been transferred to the Legacy Trust under the Confirmed Plan.  Confirmed Plan, Art. VI; Confirmation Order ¶¶ 2, 4-6; Findings and Conclusions ¶¶ I, L-M; Trust Agreements [Main Case Docket No. 677], Arts. 1-2.

7. Upon information and belief, Defendant Brenda Austin is an individual residing in the State of California, who is the wife of former CAREIC officer and director, Jeff Austin ("Austin").

## FACTS

*The Court's Consolidation Findings and Conclusions*

8. On February 8, 2013, the Court entered an *Order Granting Chapter 11 Trustee's Motion to Substantively Consolidate* CAOP Managers, CAK, CASDF, CAS and non-debtor Castle Arch Star Valley, LLC with CAREIC as of October 17, 2011 [Main Case Docket No.

3

590] (the "Consolidation Order"), and these entities, as consolidated, have hereinafter been referred to as the "Consolidated Legacy Debtors."

9. Also on February 8, 2013, the Court entered its *Findings of Fact and Conclusions of Law in Support* of the Consolidation Order [Main Case Docket No. 591] (the "Consolidation Findings and Conclusions").

*The Debtors' Pre-Petition Business Scheme*

10. Prior to the filing of the Bankruptcy Cases, CAREIC managed, either directly or indirectly, all of the CAREIC Affiliates through a single paid management team. Consolidation Findings and Conclusions ¶¶ 17 & 107(c).

11. The Consolidated Legacy Debtors claimed to be in the business of investing in and developing raw land.

12. The Debtors raised a total of $73,593,717.00 (as reported in the Debtors' Master Tracking Sheet maintained to track investor funds), net of redemptions, from investors during the period of May 2004 through the filing of the Bankruptcy Cases. Consolidation Findings and Conclusions ¶ 34 & Exhibit F.

13. Cash raised from investors was "used indiscriminately by the Debtors to fund whatever entity was in need of cash at any given time." Consolidation Findings and Conclusions ¶ 25; *see also id*. ¶¶ 46-59 & 107(b). Cash was used "as if part of one big 'piggy bank,' with funds from the account of whichever entity had cash on deposit being transferred, commingled, and used by the entity in need of cash at any given time." *Id.* ¶ 58.

14. At all times relevant hereto, the Consolidated Legacy Debtors were insolvent.

15. At all relevant times hereto, the Consolidated Legacy Debtors had at least one unsecured creditor.

*Transfers to Defendant*

16. The books and records of the Debtors in the Trustee's custody and control show that in the year 2004, the Consolidated Legacy Debtors made payments to Defendant and Austin totaling $48,036.54 (the "Transfers").

17. The Defendant was not employed by the Debtors, and upon information and belief, provided no goods or services to the Debtors.

**FIRST CLAIM FOR RELIEF**
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544(b) and Utah Code Annotated §§ 25-6-5(1)(a) and 25-6-8)*

18. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

19. The Transfers were transfers of an interest of the Consolidated Legacy Debtors in property.

20. At all relevant times hereto, the Consolidated Legacy Debtors had at least one unsecured creditor.

21. Upon information and belief, the Transfers were made or were based on obligations incurred with actual intent to hinder, delay or defraud the Consolidated Legacy Debtors' creditors.

22. The Transfers are avoidable by the Trustee under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5(1)(a) and 25-6-8.

## SECOND CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544(b) and*
*Utah Code Annotated §§ 25-6-5(1)(b) and 25-6-8)*

23. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

24. The Transfers were transfers of an interest of the Consolidated Legacy Debtors in property.

25. At all relevant times hereto, the Consolidated Legacy Debtors had at least one unsecured creditor.

26. Upon information and belief, the Consolidated Legacy Debtors did not receive reasonably equivalent value in exchange for the Transfers or any obligation of the Consolidated Legacy Debtors to make the Transfers.

27. At the time the Transfers were made or the obligations were incurred to Defendant, the Consolidated Legacy Debtors (a) were engaged or were about to engage in a business or a transaction for which the remaining assets of the Consolidated Legacy Debtors were unreasonably small in relation to the business or transaction; or (b) intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due.

28. The Transfers are avoidable by the Trustee under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5(1)(b) and 25-6-8.

### THIRD CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. §544(b) and*
*Utah Code Ann. §§ 25-6-6(1) and 25-6-8)*

29.     The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

30.     The Transfers were transfers of an interest of the Consolidated Legacy Debtors in property.

31.     At all relevant times hereto, the Consolidated Legacy Debtors had at least one unsecured creditor.

32.     Upon information and belief, the Consolidated Legacy Debtors did not receive reasonably equivalent value in exchange for the Transfers or any obligation of the Consolidated Legacy Debtors to make the Transfers.

33.     The Consolidated Legacy Debtors were insolvent at the time the Transfers or any obligations to make the Transfers were made, or became insolvent as a result of the Transfers.

34.     The Transfers are avoidable by the Trustee under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-6(1) and 25-6-8.

### FOURTH CLAIM FOR RELIEF
*(Recovery of Avoided Transfers Under 11 U.S.C. §§ 550 and 551)*

35.     The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

36.     The Transfers are avoidable under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5, 25-6-6, and 25-6-8.

37.     The Trustee may recover and preserve for the benefit of the Legacy Trust the Transfers under 11 U.S.C. §§ 550 and 551.

## FIFTH CLAIM FOR RELIEF
*(Constructive Trust)*

38. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

39. The Transfers to Defendant were comprised of property of the Consolidated Legacy Debtors and, upon information and belief, were made by the Consolidated Legacy Debtors improperly.

40. Allowing Defendant to retain the Transfers would unjustly enrich the Defendant and would be inequitable.

41. Upon information and belief, the Transfers can be traced to the wrongful behavior of the Consolidated Legacy Debtors, their officers, including Jeff Austin, and/or Defendant.

42. An injustice would result if Defendant were allowed to keep the Transfers.

43. A constructive trust for the benefit of the Legacy Trust must be imposed in the amount of the Transfers made to Defendant.

## SIXTH CLAIM FOR RELIEF
*(Unjust Enrichment and Disgorgement)*

44. The Trustee re-alleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

45. The Transfers to Defendant were comprised of property of the Consolidated Legacy Debtors.

46. The Transfers conferred a benefit upon Defendant.

47. Upon information and belief, Defendant knowingly benefitted from the Transfers.

8

48. Upon information and belief, allowing Defendant to retain the Transfers would unjustly enrich Defendant and would be inequitable.

49. Absent return of the Transfers, the Legacy Trust will be damaged by Defendant's unjust enrichment and may have no adequate remedy at law.

50. Defendant must disgorge the amount of the Transfers for the benefit of the Legacy Trust.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee prays for Judgment against Defendant as follows:

A. Pursuant to the Trustee's First Claim for Relief, judgment against Defendant under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5(1)(a) and 25-6-8.

D. Pursuant to the Trustee's Second Claim for Relief, judgment against Defendant under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5(1)(b) and 25-6-8.

E. Pursuant to the Trustee's Third Claim for Relief, judgment against Defendant under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-6(1) and 25-6-8.

F. Pursuant to the Trustee's Fourth Claim for Relief, judgment against Defendant recovering and preserving for the benefit of the Legacy Trust all avoided Transfers under 11 U.S.C. §§ 550 and 551.

G. Pursuant to the Trustee's Fifth Claim for Relief, judgment against Defendant imposing a constructive trust for the benefit of the Legacy Trust on all Transfers made to Defendant.

H. Pursuant to the Trustee's Sixth Claim for Relief, judgment against Defendant unjust enrichment in the amount of the Transfers.

   I.  Judgment for pre-judgment interest, costs, and fees, including reasonable attorneys' fees, as may be allowed by law.

   J.  For such other and further relief as the Court deems just and proper.

DATED this 17th day of October, 2013.

            **DORSEY & WHITNEY LLP**

            */s/ Peggy Hunt*
            Peggy Hunt
            Milo Steven Marsden
            Nathan S. Seim
            *Attorneys for Plaintiff*