Jodi Feuerhelm (Utah Bar #4570)
PERKINS COIE LLP
Attorneys for Defendant Brenda Austin
2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
PHONE: 602.351.8015
FAX: 602.648.7015
E-MAIL: jfeuerhelm@perkinscoie.com

Schuyler Carroll (Admitted *pro hac vice*)
David F. Olsky (Admitted *pro hac vice*)
PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112
PHONE: 212.262.6905
FAX: 212.977.1636
E-Mail:  scarroll@perkinscoie.com, dolsky@perkinscoie.com

*Attorneys for Defendant Brenda Austin*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>CASTLE ARCH REAL ESTATE INVESTMENT COMPANY, LLC; CAOP MANAGERS, LLC; CASTLE ARCH KINGMAN, LLC; CASTLE ARCH SECURED DEVELOPMENT FUND, LLC, CASTLE ARCH SMYRNA, LLC; CASTLE ARCH STAR VALLEY, LLC; CASTLE ARCH OPPORTUNITY PARTNERS I, LLC; *and* CASTLE ARCH OPPORTUNITY PARTNERS II, LLC,<br><br>    Debtors. | Case Nos. 11-35082, 11-35237, 11-35243, 11-35242 and 11-35246<br>(Substantively Consolidated)<br><br>Case Nos 11-35241 and 11-35240<br>(Jointly Administered)<br><br>(Chapter 11)<br>The Honorable Joel T. Marker |
| D. RAY STRONG, as Trustee of the Consolidated Legacy Debtors Liquidating Trust,<br><br>        Plaintiff,<br>v.<br><br>BRENDA AUSTIN, an individual,<br><br>        Defendant. | Adversary Proceeding No. 13-02418<br><br>**ANSWER OF BRENDA AUSTIN** |

Defendant Brenda Austin ("Defendant") respectfully answers the Adversary Proceeding (the "Complaint") filed by Ray Strong, as Trustee of the Consolidated Legacy Debtors Liquidating Trust (the "Trustee") as follows. Defendant answers the Complaint based on her current knowledge and reserves the right to amend or supplement her answer.

1. Defendant admits the allegations in Paragraph 1.

2. Defendant denies the allegations in Paragraph 2. The Bankruptcy Court does not have jurisdiction to render a final judgment because Defendant did not file a proof of claim.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant admits that the Bankruptcy Court has entered the Confirmation Order and the Confirmed Plan, but otherwise denies the allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant admits that Plaintiff is the post-confirmation estate representative insofar as permitted under the Confirmed Plan, Confirmation Order, and Trust Order, but otherwise denies the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits that the Court entered a Consolidation Order but otherwise denies the allegations in Paragraph 8.

9. Defendant admits that the Court entered the Consolidated Findings and Conclusions but otherwise denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies that the Consolidated Legacy Debtors "claimed to be in the business of investing and developing raw land," to the extent that the Trustee implies that the Consolidated Legacy Debtors did not in fact invest and develop raw land.

12. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 12 and for that reason, denies the allegations in Paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 13 and for that reason, denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 15 and for that reason, denies the allegations in Paragraph 15.

16. Defendant lacks knowledge or information about the books and records of the Debtors in the Trustee's custody and control, and for that reason, denies the allegations in Paragraph 16. Further, Defendant denies that the Consolidated Legacy Debtors made a payment to her specifically. To Defendant's best recollection, Debtors made a payment to her husband through a deposit into a trust account that was jointly owned by herself and her husband.

17. Defendant admits that she was not employed by the Debtors, but denies that Debtors received no goods or services in exchange for the payment made to her husband. Defendant otherwise denies the allegations in Paragraph 17.

18. Defendant re-alleges and incorporate s herein by reference each of her responses to the preceding paragraphs as if set forth completely herein.

19. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 19 and for that reason, denies the allegations in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 20 and for that reason, denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21

22. Defendant denies the allegations in Paragraph 22.

23. Defendant re-alleges and incorporates herein by reference each of her responses to the preceding paragraphs as if set forth completely herein.

24. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 24 and for that reason, denies the allegations in Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 25 and for that reason, denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant re-alleges and incorporates herein by reference each of her responses to the preceding paragraphs as if set forth completely herein.

30. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 30 and for that reason, denies the allegations in Paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 31 and for that reason, denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant re-alleges and incorporates herein by reference each of her responses to the preceding paragraphs as if set forth completely herein.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant re-alleges and incorporates herein by reference each of her responses to the preceding paragraphs as if set forth completely herein.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant re-alleges and incorporates herein by reference each of her responses to the preceding paragraphs as if set forth completely herein.

45. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 45 and for that reason, denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant took any alleged transfers in good faith and for reasonably equivalent value.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a set off of value received by the Debtors in connection with the alleged transfer.

**SEVENTH AFFIRMATIVE DEFENSE**

The Trustee lacks standing to pursue the state law claims in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

The Trustee is barred from pursuing the state law claims in the Complaint by the principles of in pari delictio and unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

The Trustee fails to plead fraud with particularity.

**TENTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred under the principles of estoppel and/or waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Trustee has failed to name indispensable parties to the litigation, including in particular Mr. Austin.

**TWELFTH AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over Defendant.

Dated: January 17, 2013.　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Jodi Knobel Feuerhelm
　　　　　　　　　　　　　　　　　　　　Jodi Feuerhelm
　　　　　　　　　　　　　　　　　　　　PERKINS COIE LLP
　　　　　　　　　　　　　　　　　　　　2901 North Central Avenue, Suite 2000
　　　　　　　　　　　　　　　　　　　　Phoenix, AZ  85012-2788
　　　　　　　　　　　　　　　　　　　　PHONE: 602.351.8015
　　　　　　　　　　　　　　　　　　　　FAX: 602.648.7015
　　　　　　　　　　　　　　　　　　　　E-MAIL: jfeuerhelm@perkinscoie.com

　　　　　　　　　　　　　　　　　　　　Schuyler Carroll
　　　　　　　　　　　　　　　　　　　　David F. Olsky
　　　　　　　　　　　　　　　　　　　　PERKINS COIE LLP
　　　　　　　　　　　　　　　　　　　　30 Rockefeller Plaza, 22nd Floor
　　　　　　　　　　　　　　　　　　　　New York, NY 10112
　　　　　　　　　　　　　　　　　　　　PHONE: 212.262.6905
　　　　　　　　　　　　　　　　　　　　FAX: 212.977.1636
　　　　　　　　　　　　　　　　　　　　E-Mail:  scarroll@perkinscoie.com,
　　　　　　　　　　　　　　　　　　　　dolsky@perkinscoie.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Brenda Austin*

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

      I hereby certify that on January 17, 2013, I electronically filed the foregoing ANSWER OF BRENDA AUSTIN with the United States Bankruptcy Court for the District of Utah by using the CF/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

> Mary Margaret Hunt
> Nathan Seim
> DORSEY & WHITNEY LLP
> 136 South Main Street, Suite 1000
> Salt Lake City, UT  84101-1655
> hunt.peggy@dorsey.com
> seim.nathan@dorsey.com

                                    /s/ Brenda G. Lumm

LEGAL28658352.1